142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudy CASTANEDA, Plaintiff-Appellant,
v.
Arizona Department of Economic Security, an Agency; Donald
Allen, in his individual and official capacity,
Defendants-Appellees.
 No. 97-15870.
D.C. No. CV-95-00643-PGR.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rudy Castaneda appeals pro se the district court's grant of summary judgment to his former employers in his suit alleging retaliatory employment action in violation of Title VII, 42 U.S.C. § 2000e-3(a). Castaneda also appeals the district court's denial of three motions filed during the course of proceedings below. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Castaneda failed to establish a prima facie case of retaliation. See Folkerson v. Circus Circus Enterprises, Inc., 107 F.3d 754, 755 (9th Cir.1997). Because Castaneda failed to establish a causal link between his filing a race discrimination action and being denied a lateral transfer, Castaneda failed to establish a genuine issue of material fact as to retaliation. See Cohen v. Fred Meyer Inc., 686 F.2d 793, 797 (9th Cir.1982). Accordingly, the district court did not err when it granted summary judgment to defendants. See Jesinger, 24 F.3d at 1130.
 
 
 4
 We review for abuse of discretion a district court's rulings concerning discovery. See Blackburn v. United States, 100 F.3d 1426, 1436 (9th Cir.1996). The district court did not abuse its discretion by determining that Castaneda's request for the contents of six personnel files was overbroad and abusive, interrogatory number 5 was too vague, numbers 8, 9, 12, and 14 were sufficiently answered, number 2 improperly required that defendants to make a statement about Castaneda's state of mind, and that the answer to number 11 was marginally sufficient.[1] See id. Moreover, the district court did not abuse its discretion by denying Castaneda leave to depose Tony Campbell because the desired testimony could not have defeated summary judgment in favor of the defendant. See id.
 
 
 5
 We review for abuse of discretion the district court's denial of a motion to strike. See Golden Gate Hotel Ass'n v. City and County of San Francisco, 18 F.3d 1482, 1485 (9th Cir.1994). Because Federal Rule of Civil Procedure 12(f) applies only to pleadings the district court did not abuse its discretion by not striking Defendant's reply, see Fed.R.Civ. 12(f); see id., and in any event the court did not consider the defense reply brief. Because Castaneda was not prejudiced by the late submission of the defendant's response to Castaneda's motion to continue discovery the court did not abuse its discretion by denying Castaneda's motion to strike the response. See id.
 
 
 6
 We review for abuse of discretion the district court's denial to reconsider two orders issued during the Castaneda proceedings, See Fireman's Fund Ins. Co. v. Alaskan Pride Partnership, 106 F.3d 1465, 1470-71 (9th Cir.1997), and find none here.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court agreed to reconsider the answer to interrogatory number 11 in the event that it became apparent that defendants could ascertain the requested information. This contingency did not arise